# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ESTATE OF KENDAL LEONARD et al.,
        Plaintiffs,

v.                                              Case No. 09-C-0699

RACINE COUNTY, et al.,
        Defendants.

## ORDER TO SHOW CAUSE

Plaintiffs are engaged in discovery in the present action, which arises out of the death of Kendal Leonard during his incarceration at the Racine County Jail. During Leonard's incarceration, Racine County contracted with defendant Health Professionals, LTD ("HPL") for the provision of medical screening, care, services and treatment for the jail's inmates. Ms. Turina Y. Evans was an HPL employee and the on-site nursing manager for the Racine County Jail. Mary Jo Matter, a former nurse at the Racine County Jail, testified at her deposition that Evans was involved in Leonard's medical care at the Racine County Jail, that Evans's handwriting is on several of Leonard's medical records, and that she observed Evans going through Leonard's medical file after he died.

Because of Evans's apparent involvement with Leonard's medical care and knowledge of facts relevant to plaintiffs' claims, plaintiffs seek to take her deposition. After making numerous unsuccessful attempts, plaintiffs succeeded in serving her with a subpoena commanding her attendance at the deposition along with the required witness fee on May 18, 2010. The deposition was scheduled for June 17, 2010. On June 7, 2010, plaintiffs' counsel wrote Evans a courtesy letter reminding her of the deposition. Evans

replied with a certified letter dated June 11, 2010, alleging that plaintiffs' counsel was engaging in "actions of harassment." Evans did not present herself on June 17th and a record was made of her nonappearance.

Based on her letter, it appears that Evans does not believe she is required to obey the subpoena signed by plaintiffs' counsel. However, a subpoena signed by an attorney as an officer of the court and personally served on a witness is an order of the court that must be obeyed. A party who disobeys a subpoena can be held in contempt of court. <u>See</u> Federal Rule of Civil Procedure 45(e). Plaintiffs' motion and accompanying affidavits indicate that Evans has wilfully disobeyed a valid subpoena. Thus, I could find her in contempt, arrest her, and hold her in custody until such time as she complies with the subpoena.

However, before taking any of these steps I will allow Evans to appear in court and show cause why she should not be held in contempt for failing to obey the subpoena. Evans shall appear in court at the date and time listed below for this purpose. If Evans would prefer to comply with the subpoena rather than contest the subpoena in court, she may do so by contacting plaintiffs' counsel, Thomas Lenz (414-271-1972), and arranging a new date and time for her deposition. If Evans decides to contact plaintiffs' counsel and comply with the subpoena, she will not be held in contempt (assuming that she does, in fact, attend the rescheduled deposition) and will not be required to appear in court to show cause why she should not be held in contempt. But if she does not either comply with the subpoena or appear in court to show cause why she should not be held in contempt, then I will hold her in contempt and instruct the U.S. Marshals Service to arrest her.

For the reasons stated above, **IT IS HEREBY ORDERED** that Turina Y. Evans appear before the undersigned District Judge, in the United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee, WI 53202 at **11:30 a.m. on July 8, 2010**, at Courtroom 390, to show cause why she should not be held in contempt of court for failing to comply with the summons served on her on May 18, 2010.

**IT IS FURTHER ORDERED** that a copy of this Order, together with copies of plaintiffs' motion for Evans' arrest and the attached exhibits, be personally served on Turina Y. Evans by the United States Marshals Service as soon as possible.

**IT IS FURTHER ORDERED** that Evans will be excused from appearing before the undersigned if she promptly contacts plaintiffs' counsel and agrees to comply with the subpoena. Plaintiffs' counsel shall advise the court if Evans so agrees, and the court will then remove the show-cause hearing from its calendar.

If Evans fails to comply with the above orders I will find her in contempt of court and have her arrested and held in custody until such time as she complies with the subpoena.

Dated at Milwaukee, Wisconsin, this 28 day of June, 2010.

/s_____
LYNN ADELMAN
District Judge